IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAYLIN TOLES, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:18-CV-710-WKW |
| | ) | [WO] |
| WALLY OLSON, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this 42 U.S.C. § 1983 action on August 2, 2018. On August 3, 2018, the court entered an order of procedure directing Defendant to file an answer and special report. Doc. 4. This order also directed Plaintiff to inform the court if he "shall immediately inform the court and the defendant, or if counsel has appeared on behalf of defendant, counsel of record of any change in his address." *Id.* at 4, ¶7. The order also advised Plaintiff that "[f]ailure to provide a correct address to this court within ten (10) days following any change of address will result in the dismissal of this action." *Id.* at 4.

It recently came to the court's attention that Plaintiff is no longer at the service address he provided to the court when he filed the complaint. Accordingly, an order was entered December 13, 2018, requiring that by December 20, 2018, Plaintiff file with the court a current address and/or show cause why this case should not be dismissed for his failure to adequately prosecute this action. Doc. 13. This order specifically advised Plaintiff this case could not proceed if his whereabouts remained unknown and cautioned him that his failure to comply with its directives would result in the dismissal of this case. *Id*. Plaintiff's copy of the December 13 order was returned to the court on January 2, 2019, marked as undeliverable.

The foregoing reflects Plaintiff's lack of interest in the continued prosecution of this case. This action cannot proceed properly in Plaintiff's absence. The court, therefore, concludes this case is due to be dismissed. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice for Plaintiff's failure to comply with the orders of this court and to prosecute this action.

It is further

ORDERED that **on or before January 22, 2019**, the parties may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 8th day of January 2019.

　　　　　　　　　　　　　　　　　　/s/ Wallace Capel, Jr.　　　　　　　　　
　　　　　　　　　　　　　　　　　　CHIEF UNITED STATES MAGISTRATE JUDGE